**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ULTIMATE NUTRITION, INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 1:26-cv-90** |
| | ) | |
| **MCA DEBT ADVISORS, LLC,** | ) | **District Judge Baxter** |
| **Defendants.** | ) | |

# MEMORANDUM OPINION

On February 13, 2026, an Arbitrator issued a Final Award on a contractual dispute between Plaintiff Ultimate Nutrition, Inc., and Defendant MCA Debt Advisors, LLC. The Arbitrator found breach of contract and conversion awarding a total of $655,005.74 to Ultimate Nutrition. The Arbitration Award represented $200,793.99 in compensatory damages, $400,000 in punitive damages, $13,006.25 in costs, $27,972.50 in attorneys' fees, and $13,233 in prejudgment interest.

Ultimate Nutrition commenced the instant action by filing a Motion to Convert Arbitration Award to Judgment on April 2, 2026. ECF No. 1. After a hearing was scheduled on the motion, Defendant MCA entered its appearance and filed a Brief in Opposition. ECF No. 12. Plaintiff filed a Reply Brief. ECF No. 18. Oral argument was held on August 28, 2026.

MCA seeks to challenge only the punitive damages portion of the Arbitrator's award. The basis of MCA's opposition is that the Arbitrator exceeded her authority by imposing punitive damages because such are not available under the terms of the Letter of Engagement between Ultimate Nutrition and MCA. On the other hand, Ultimate Nutrition argues that MCA's challenge to the arbitrator's award is both untimely and procedurally defective, a point with which this Court agrees.

By statute, the deadline for MCA to move to vacate/modify/correct the Arbitration Award was May 18, 2026. *See* 9 U.S.C. § 12. MCA did not do so and to date, still has not done so making MCA's challenge untimely. Instead, MCA challenges the award of punitive damages by way of its opposition brief. This challenge is procedurally deficient as the statute mandates that a challenge be brought by way of a vacatur mechanism. *Id.* Importantly, courts do not review the merits of the arbitrator's decision, reweigh evidence, or correct legal errors—even allegedly significant ones. Confirmation of an Arbitration Award is a summary proceeding and judicial review is deliberately narrow. *See PG Publishing, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 313 (3d Cir. 2021).

Accordingly, Ultimate Nutrition's Motion to Convert Arbitration Award to Judgment will be granted. An appropriate Order follows.